IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAMON PENUNURI-NORIEGA,<br><br>Defendant. | 8:18–CR–152<br><br>ORDER |

This matter is before the Court on Defendant Ramon Penunuri-Noriega's Consent Motion for a Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Filing 486. On January 14, 2019, the Defendant was sentenced to a term of 168 months of imprisonment on Count I (conspiracy to distribute and possess with intent to distribute methamphetamine) and 168 months on Count XI (use of facilities in interstate commerce in aid of racketeering), to be served concurrently. Filing 226 at 1–2. This sentence was consistent with the Defendant's Rule 11(c)(1)(C) plea agreement, which provided that the Defendant "shall receive a sentence of 168 months." Filing 184 at 4. The Defendant and the Government have now entered into a stipulation agreeing "that the [Defendant's] new, reduced sentenced under the amended guidelines should be 135 months[.]" Filing 487 at 1. The Court decided to hold a hearing on this matter, during which time the Court heard from both counsel for the Defendant and counsel for the Government. Filing 501 (Text Order). After considering the matters discussed at the hearing along with pertinent portions of the record in this case, the Court will deny the Defendant's Consent Motion because the relevant factors set forth in 18 U.S.C. § 3553(a) do not support the requested reduction, notwithstanding his eligibility for a reduction.

While the Court recognizes that the parties have reached an agreed upon sentence reduction that they believe is appropriate, the Court is not required to accept their stipulation. *Cf. United*

1

*States v. Ingram*, 91 F.4th 1271, 1273 (8th Cir. 2024) ("The court did not err in declining to accept the parties' sentencing recommendation"). Nor is the Court bound to resentence a defendant within his amended guideline range based on retroactive application of the United States Sentencing Guidelines—even if the defendant is eligible for such a reduction. *See United States v. Hernandez-Marfil*, 825 F.3d 410, 412 (8th Cir. 2016) (noting that while the defendant "was eligible for a reduction, § 3582(c)(2) does not create a right to it" and that a "district court has discretion to determine whether a reduction is warranted"); *see also United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010) (stating that a district court's decision under § 3582(c)(2) to reduce a sentence and the extent of any reduction" is reviewed "for an abuse of discretion"). This is consistent with the discretionary nature of the United States Sentencing Guidelines. *See Pepper v. United States*, 562 U.S. 476, 490 (2011) ("[A]lthough the 'Guidelines should be the starting point and the initial benchmark,' district courts may impose sentences within statutory limits based on appropriate consideration of all the factors listed in § 3553(a), subject to appellate review for 'reasonableness.'") (quoting *Gall v. United States*, 552 U.S. 38, 49–51 (2007)).

      The Court has considered all of the arguments raised by the parties, and—even though it did not necessarily have to—held a hearing to allow the parties an opportunity to present any additional matters in support of their positions. *See United States v. Rodriguez*, 807 F. App'x 592, 593 (8th Cir. 2020) ("No defendant is entitled to a sentencing reduction, so due process requirements are generally not implicated because no new deprivation of liberty can be visited upon him by a proceeding that, at worst, leaves his term of imprisonment unchanged") (cleaned up). Having done so, the Court is still unconvinced that a sentencing reduction is appropriate in this case after considering all factors outlined under 18 U.S.C. § 3553(a), including general deterrence, specific deterrence, protection of the public, the need to avoid unwarranted sentencing

disparities, and the specific history and characteristics of Mr. Penunuri-Noriega. *See* 18 U.S.C. § 3553(a)(1)–(2). The Court has also considered the seriousness of the conduct, the need to promote respect for the law, and the need to provide just punishment for the conduct at issue. *See* 18 U.S.C. § 3553(a)(2)(A). Collective consideration of these factors along with other relevant portions of the record leads the Court to conclude that the originally imposed sentence of 168 months remains appropriate.

By accepting the Rule 11(c)(1)(C) plea agreement in this case, the sentencing Judge was bound to sentence the Defendant to a sentence of 168 months, even though his applicable guideline range was 168 to 210 months. Filing 488 at 1.[1] The Court recognizes that the Defendant's status as a zero-point offender retroactively alters his applicable guideline custody range from 168-210 months down to 135-168 months. Filing 488. Still, the Court cannot discount the fact that the Defendant's Rule 11(c)(1)(C) plea agreement already afforded him a significant benefit by reducing his punitive exposure—at least under the guideline custody range—by a full 42 months. To be sure, the Court is not denying the Defendant's motion for a sentence reduction because he entered into a Rule 11(c)(1)(C) plea agreement. The Court simply notes that the sentencing Judge was already aware of the Defendant's lack of criminal history when she decided to accept this agreement, and the Defendant benefited from its protections by securing the lowest possible sentence available within a guideline custody range that spanned three and a half years.

The Court's conclusion that a sentence reduction is not warranted in this case is driven by its collective consideration of the § 3553(a) factors. This is not a defendant who turned to the drug trade out of desperation; he was a licensed attorney in Mexico. Filing 223 at 16. He also admitted "that the money he was earning in Mexico was more than enough for his family." Filing 223 at 8.

---

[1] The Defendant was sentenced by the late Judge Laurie Smith Camp on January 14, 2019. Defendant's case was subsequently reassigned to the undersigned on November 4, 2019. Filing 322 (Text Order).

3

Despite this, he decided to take on a managerial role in a serious drug conspiracy and was later deemed to be accountable for a total of 110,071.38 kilograms in converted drug weight. Filing 223 at 10–11. Given the scope of this conspiracy, the Defendant's role in the offense, and the Defendant's willful decision to turn to a life of crime notwithstanding his proven capability to succeed in a legitimate profession, the Court concludes that the § 3553(a) factors do not warrant a sentence reduction in this case, and that the originally imposed sentence of 168 months is sufficient, but not greater than necessary.

The parties' stipulation to a reduced sentence of 135 months might reflect what they believe is appropriate today, yet "[t]here is nothing illogical about a district court concluding that the broadly stated § 3553(a) sentencing factors lead to imposition of the same sentence, even if one of the complex advisory guideline determinants . . . has been amended." *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *accord United States v. Bradford*, 697 F. App'x 479, 481 (8th Cir. 2017) (per curiam). Based upon the Court's assessment of this particular case and the circumstances that are unique to it, the Court finds that even though the Defendant is eligible for a sentencing reduction, the § 3553(a) factors do not support such a reduction in this particular defendant's case, and that the originally imposed sentence remains appropriate. Accordingly,

IT IS ORDERED: The Defendant's Consent Motion for a Reduced Sentence, 486, and its accompanying Stipulation, Filing 487, are denied. The Defendant's sentence remains unchanged.

Dated this 24th day of May, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge

4